**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00115-CV**

_____

**IN RE MARCELINO RODRIGUEZ, DONNA JEAN FORGAS, AND LINDA MARIE WILTZ GILMORE**

_____

**Original Proceeding**

_____

**ORDER**

On March 18, 2013, we granted mandamus relief, holding "that the election scheduled for May 11, 2013, is to be conducted using the redistricting map adopted February 21, 2013[]" and ordering respondent, Beaumont Independent School District (BISD), "to accept relators' applications and place their names on the ballot, or to otherwise certify the election of unopposed candidates to the extent authorized by the Election Code and the Education Code." *See In re Rodriguez*, No. 09-13-00115-CV, 2013 WL 1189005, at *6 (Tex. App.—Beaumont Mar. 18, 2013, orig. proceeding). To expedite a final decision in view of the upcoming

1

election, we ordered that no motion for rehearing would be permitted. *Id.* On March 26, 2013, BISD filed a motion for temporary relief pursuant to Rule 52.10 of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 52.10 ("The relator may file a motion to stay any underlying proceedings or for any other temporary relief pending the court's action on the petition."). In this motion, BISD seeks to stay further enforcement of this Court's judgment of March 21, 2013, "while [BISD] obtains federal preclearance of the election changes and while this matter is reviewed by the Texas Supreme Court."

In the mandamus proceeding, the record reflected that the February 21, 2013 map had been submitted to the Department of Justice for preclearance. Assuming preclearance, we ordered that map to be used for the upcoming election. *Rodriguez*, 2013 WL 1189005, at *6. BISD has not suggested, either in this proceeding or in a related proceeding, that the Department of Justice has expressed any objection to that map. *See id.*; *see also In re Jones*, No. 09-13-00107-CV (Tex. App.—Beaumont Mar. 18, 2013, orig. proceeding). In the related proceeding, BISD stated "this Court has the power to extend the statutory deadline in which to adopt the 7/0 redistricting map." Brief of Respondent at 10, *In re Jones*, No. 09-13-00107-CV. BISD presents information to the Court in this proceeding that on March 19, 2013, this Court's opinion and judgment of March

2

18, 2013 were submitted for preclearance, which we assume is also expedited. BISD implicitly argues that we worked a change in state law by granting equitable relief to extend the deadline under state law to allow BISD to use the map for which BISD had already requested preclearance. However, the exercise of our equitable power to extend the deadline did not work a change in state law. *See In re Gamble*, 71 S.W.3d 313, 318 (Tex. 2002) (a court may order equitable relief from certain Election Code deadlines).

The question is whether an election practice constitutes a change with respect to voting. *Riley v. Kennedy*, 553 U.S. 406, 421, 128 S.Ct. 1970, 170 L.Ed.2d 837 (2008). Our opinion applied statutes that have long been in effect. *See* Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 1, 1995 Tex. Gen. Laws 2207, 2224-25 (Tex. Educ. Code Ann. §§ 11.052-.053 (West 2012); *see also* Tex. Elec. Code Ann. § 3.007 (West 2010)). No party has claimed that the statutes at issue here were not precleared and in force and effect. *Riley*, 553 U.S. at 421 ("The question is whether a State has enacted or is seeking to administer a practice or procedure that is different enough from the baseline to qualify as a change." (internal quotations omitted)). Our holding that the existing statutes apply to the election did not work a change with respect to voting. *See Hathorn v. Lovorn*, 457 U.S. 255, 270 n.24, 102 S.Ct. 2421, 72 L.Ed.2d 824 (1982) ("Our holding does not

3

prevent state courts from attempting to accommodate both state and federal interests.").

BISD cites *Hathorn v. Lovorn* as authority for this Court to stay enforcement of our judgment. *See id.* "When a party to a state proceeding asserts that § 5 [of the Voting Rights Act of 1965] renders the contemplated relief unenforceable, . . . the state court must examine the claim and refrain from ordering relief that would violate federal law." *Id.* 457 U.S. at 269-70. The parties have indicated to this Court that they are pursuing preclearance; consequently, we perceive no reason to order the parties to do so. *See id.* 457 U.S. at 270 n.24 (a state court may order the parties to submit the proposed relief to the Attorney General, and if the Attorney General registers an objection, the court may order the parties to seek declaratory relief in the District Court for the District of Columbia).

Accordingly, the motion is denied.

ORDER ENTERED March 27, 2013.

PER CURIAM

Before McKeithen, C.J., Gaultney and Horton, JJ.